**In the Matter of Timothy A. DOYLE, Respondent.**

**No. 49S00–0912–DI–542.**

Supreme Court of Indiana.

June 25, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The Commission's complaint is in four counts, all of which charge failure of Respondent to respond in a timely manner to Commission requests for information about grievances filed against him. In all four cases, Respondent

responded only after the Commission sought and this Court entered an order under Indiana Admission and Discipline Rule 23(10)(f) directing him to show cause why he should not be suspended immediately for failure to cooperate with the Commission.

Three of the counts also allege, and Respondent admits, that after bring retained by clients, Respondent failed to respond to the clients' repeated requests for information about their cases. In one case, he failed to inform the client of a hearing, and in another case failed to return a $1,250 unearned fee until the client filed a grievance against him.

The parties cite no facts in mitigation. A fact in aggravation is Respondent's prior agreed public reprimand in 2007 for two counts of misconduct involving neglect of clients' cases. *See Matter of Doyle,* 878 N.E.2d 202 (Ind.2007).

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.16(d): Failure to refund an unearned fee.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

**Discipline:** The parties propose the appropriate discipline is a 60–day suspension with automatic reinstatement. The discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement, especially in light of his recent discipline for similar miscon-

duct. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning August 6, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur except DICKSON, J., who dissents, believing that reinstatement should not be automatic.